■ MANUFACTURERS HANOVER TRUST COMPANY, Respondent, v VILLAGE RATHSKELLER, INC., Appellant, et al., Defendants. [610 NYS2d 522] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 7, 1993, which granted foreclosure and directed the sale of certain real property, unanimously affirmed, without costs. Appeal from the order of the same court and Justice entered September 8, 1993, which,

*inter alia,* granted plaintiff's motion for summary judgment, unanimously dismissed as subsumed within the appeal from the final judgment, without costs.

This is an action to foreclose a revolving credit mortgage on real property located in Manhattan in the principal amount of $2.5 million made April 7, 1987 by plaintiff Manufacturers to 160 Bleeker Street Associates. Defendant-appellant, whose lease is subordinate to the mortgage, argues that the subordination clause should not be enforced, since issues of fact exist as to whether plaintiff bank was aware, at the time the mortgage was made, that the owner did not intend to repay the loan obligation, that the bank knew that it would be able to foreclose, and that the bank knew it could employ the subordination clause to oust the defendant from a below-market rent lease. Assuming *arguendo* that these circumstances, if established, would give rise to a defense to the foreclosure action, the record does not support their existence. The owner did not simply accept the loan proceeds and surrender the property to the bank, as he would have done had such a scheme existed. Instead, the owner sought to stay the foreclosure by seeking the protection of the bankruptcy court. Further, Louis Evangelista, the individual general partner of the owner was personally liable for the debt, and avoided such liability only by virtue of the settlement approved by the bankruptcy court. Moreover, not only was the commercial condominium mortgaged, but the shares allocated to the residential portion of the premises were pledged as security for a $4 million loan. The fact that the entire premises were encumbered suggests that the instant mortgage was no more part of a collusive scheme than were the other loans totalling over $70 million made by plaintiff to the Mr. Evangelista, or entities controlled by him. All of these circumstances dispel the unsupported contention that the mortgage was entered into as part of any pre-arranged scheme to default and surrender the property to the plaintiff bank.

We have considered the remaining arguments of defendant-appellant and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Asch, JJ.